FILED
United States Court of Appeals
Tenth Circuit

October 10, 2013

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

JOHN THEODORE ANDERSON,

     Plaintiff-Appellant,

v.

PRIVATE CAPITAL GROUP, INC.;
ANASAZI GOLD RESERVE, LLC;
AGR MINERALS, LLC,

     Defendants-Appellees.

No. 12-4153
(D.C. No. 2:12-CV-00520-DAK)
(D. Utah)

---

ORDER AND JUDGMENT[*]

---

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

---

John Anderson, appearing pro se, appeals from the district court's dismissal

of his filing, styled a "Verified Ex Parte Petition,"[1] for lack of subject-matter

---

[*]     This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and Tenth Circuit Rule 32.1.

     After examining the appellate record, this three-judge panel determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[1]     The complete style of Mr. Anderson's filing is the following: "Verified Ex Parte Petition in the Nature of A Petition to Vacate A Void Judgment and Collateral Attack Under Authority of F.R.C.P. 60(b)(4) of

(continued...)

jurisdiction under the *Rooker-Feldman* doctrine. Exercising jurisdiction under 28 U.S.C. § 1291, we **AFFIRM**.

**I**

Mr. Anderson commenced this action in the United States District Court for the District of Utah by filing his Verified Ex Parte Petition. Prior to service on the defendants, the district court undertook its independent duty to assess the propriety of its jurisdiction, *see, e.g.*, *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1144, 1127 (10th Cir. 2013) (en banc), *pet. for cert. filed*, 82 U.S.L.W. 20 (U.S. Sept. 19, 2013) (No. 13-354); *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999), and it dismissed for lack of subject-matter jurisdiction under the *Rooker-Feldman* doctrine.[2] Mr. Anderson timely filed this appeal.

Because Mr. Anderson is proceeding pro se, we construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Garza v. Davis*, 596 F.3d 1198, 1201 n.2 (10th Cir. 2010). "We review the application of the *Rooker-Feldman* doctrine de novo." *Miller v. Deutsche Bank Nat'l Trust Co. (In re Miller)*, 666 F.3d 1255, 1260 (10th Cir. 2012); *see Pittsburg Cnty. Rural*

[1](...continued)
Summary Judgment Rendered in Fifth Judicial Court, in and for Iron County, State of Utah, Case No. 100500675." R. at 3 (some capitalization omitted).

[2] The doctrine stems from two Supreme Court decisions, decided sixty years apart. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).

*Water Dist. No. 7 v. City of McAlester*, 358 F.3d 694, 706 (10th Cir. 2004) ("We review the district court's holding regarding subject matter jurisdiction de novo.").

**II**

The *Rooker-Feldman* doctrine generally prohibits "a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court." *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)) (internal quotation marks omitted). The doctrine, however, "applies only to suits filed after state proceedings are final." *Guttman v. Khalsa*, 446 F.3d 1027, 1032 (10th Cir. 2006).

Here, Mr. Anderson asked the federal district court to declare void a Utah court's summary judgment order, to vacate an injunction issued by that court, and to compel the state court to refund his filing fee. According to Mr. Anderson, in the state-court action, he had sought the court's "review" under Utah "commercial law" of a "substituted contract or novation." Aplt. Opening Br. at 2. On appeal, Mr. Anderson concedes that the state court's order constituted a final judgment. He concedes, moreover, that the relief he sought from the district court was in substance appellate review of that state-court order. Notwithstanding these concessions, Mr. Anderson argues that *Rooker-Feldman* is inapplicable to this action. He relies on a purported exception to the doctrine that is applicable where

- 3 -

the state court's judgment was "void ab initio" because the state court lacked jurisdiction over the case in which it entered judgment.

While this circuit has not had occasion in a precedential decision to address this proffered exception, other circuits have. Some have declined outright to adopt the exception. *See, e.g.*, *Casale v. Tillman*, 558 F.3d 1258, 1261 (11th Cir. 2009) (declining to adopt a void ab initio exception based on lack of state-court jurisdiction); *Doe v. Mann*, 415 F.3d 1038, 1042 n.6 (9th Cir. 2005) ("*Rooker-Feldman* applies where the plaintiff in federal court claims that the state court did not have jurisdiction to render a judgment."). Others have limited the exception to a specialized context that is inapposite here—specifically, the bankruptcy context. *See, e.g.*, *Lambert v. Blackwell*, 387 F.3d 210, 240 n.25 (3d Cir. 2004) (distinguishing bankruptcy case acknowledging the exception, because it "differ[ed] from . . . most cases . . . because the state court's jurisdiction, or lack thereof, was a function of federal law"); *Schmitt v. Schmitt*, 324 F.3d 484, 487 (7th Cir. 2003) ("While a void *ab initio* . . . exception might be appropriate in some bankruptcy cases (apparently the only situation in which it has been applied) in order to protect the dominant federal role in that specialized area of the law, it has no place here."). Consequently, were we to adopt the void ab initio exception in this non-bankruptcy context, we would be parting company with our sister circuits; if those circuits apply the exception at all, they appear to do so only in the bankruptcy context.

We need not reach any general conclusions regarding whether the void ab initio exception has any room to operate in the Tenth Circuit. It is sufficient for us to say that Mr. Anderson has failed to offer us any cogent reasons why we should split from the heavy weight of authority in our sister circuits that has either rejected the exception in full or limited its scope to the bankruptcy context, which is inapposite here. Indeed, Mr. Anderson has not even attempted to grapple with this contrary authority. In sum, he has given us no sound reason to overcome the historic reluctance of circuit courts to create inter-circuit splits. *See Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1521 (10th Cir. 1991) ("Splitting the circuits always is something we approach with trepidation."); *accord United States v. Philip Morris USA, Inc.*, 396 F.3d 1190, 1201 (D.C. Cir. 2005) (noting that "we avoid creating circuit splits when possible"); *see also United States v. Games-Perez*, 695 F.3d 1104, 1115 (10th Cir. 2012) (Murphy, J., concurring in denial of rehearing en banc) ("[T]he circuits have historically been loath to create a split where none exists. . . . The avoidance of unnecessary circuit splits furthers the legitimacy of the judiciary and reduces friction flowing from the application of different rules to similarly situated individuals based solely on their geographic location."). And, once we put aside this purported exception, it is patent under our precedent—especially given Mr. Anderson's concessions—that the district court correctly employed the *Rooker-Feldman* doctrine in dismissing Mr. Anderson's action.

## III

For the foregoing reasons, we **AFFIRM** the district court's order dismissing Mr. Anderson's action under the *Rooker-Feldman* doctrine.

ENTERED FOR THE COURT

Jerome A. Holmes
Circuit Judge