FILED
United States Court of Appeals
Tenth Circuit

July 22, 2020

Christopher M. Wolpert
Clerk of Court

# UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT
_____

GILBERT T. TSO, a natural person and an American,

      Plaintiff - Appellant,

v.

REBECCA MURRAY, a/k/a Tso, individually; TANYA AKINS, individually; SHERR PUTTMAN AKINS LAMB PC, a law firm; JEANNIE RIDINGS, individually; KILLIS RIDINGS & VANAU PC, a law firm; RUSSELL M. MURRAY, individually; DENA MURRAY, individually; JOANNE JENSEN, individually; RICHARD F. SPIEGLE, Individually Psy. D.; ELIZABETH STARRS, individually; DAVID P. BRODSKY, individually; CHARLES D. JOHNSON, individually; ROSS B.H. BUCHANAN, individually; DAVID H. GOLDBERG, individually; MONICA JACKSON, official capacity; LARA DELKA, individually and in her official capacity; DENVER DEPARTMENT OF HUMAN SERVICES; COLORADO DEPARTMENT OF HUMAN SERVICES; CITY AND COUNTY OF DENVER; CHRISTIAN MADDY, individually and in his official capacity; JENNIFER ALELMANN, individually and in her official capacity; DON MARES, official capacity; BARRY PARDUS, official capacity; MICHAEL DIXON, official capacity; PHIL WEISER, official capacity; 19TH JUDICIAL CIRCUIT COURT, LAKE CO., ILLINOIS; 2ND DISTRICT COURT,

Nos. 19-1021 & 19-1352
(D.C. No. 1:17-CV-02523-PAB-STV)
(D. Colo.)

DENVER COUNTY, COLORADO;
COLORADO DIVISION OF MOTOR
VEHICLES,

     Defendants - Appellees.

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **MATHESON**, and **EID**, Circuit Judges.
_____

     Gilbert T. Tso, proceeding pro se, appeals from the district court's dismissal of his Third Amended Complaint (No. 19-1021) and imposition of filing restrictions (No. 19-1352). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm in both appeals.

## I. BACKGROUND

     This is Mr. Tso's third federal lawsuit challenging orders entered by Illinois and Colorado state courts in domestic and child-support proceedings. We described the underlying facts in our decision on appeal in the second suit. *See Tso v. Murray*, 760 F. App'x 564, 566-67 (10th Cir. 2019) (*Tso I*).

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of these appeals. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cases are therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

The federal district court remanded the first suit to state court because Mr. Tso improperly tried to remove it to federal court after filing it in state court. *Tso v. Murray*, No. 15-cv-02398-REB-KLM (D. Colo. Feb. 10, 2016) (unpublished order). In the second suit, Mr. Tso alleged a Fifth Amendment violation for a taking of his property without compensation; a Fourteenth Amendment violation of his right to equal protection; and two violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1962(c) and (d). *See Tso I*, 760 F. App'x at 567. We affirmed the dismissal of those claims under the *Rooker-Feldman* doctrine. *See id.*[1]

Before the district court entered judgment in the second suit, Mr. Tso filed his third federal suit, from which these appeals arise. His Third Amended Complaint alleged a Fifth Amendment violation for the taking of his property without compensation; three violations of RICO, 18 U.S.C. § 1962(a), (c), and (d); and a claim under 42 U.S.C. § 1983 for "violations of Federal substantive, procedural, and statutory rights outlined in" the Fifth Amendment and RICO allegations. R. Vol. 1 at 815. The defendants all filed motions to dismiss on numerous grounds, including the *Rooker-Feldman* doctrine. Applying that doctrine, the district court dismissed all of Mr. Tso's claims. It further denied his two motions to file a Fourth Amended Complaint.

---

[1] *Rooker v. Fidelity Tr. Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

Mr. Tso filed post-judgment motions, and while they were pending, he filed a fourth federal suit. *See Tso v. Murray*, No. 19-cv-00293-PAB-STV (D. Colo. Feb. 1, 2019) (complaint). The defendants then moved in this case (and in the fourth suit) for sanctions. The district court granted the motion and enjoined Mr. Tso from filing any new pro se actions in the District of Colorado "raising claims related to his divorce, child custody, or child support obligations (or the enforcement of those orders and obligations)" unless he first obtained the court's permission. R. Vol. 3 at 254.

## II. DISCUSSION

We construe Mr. Tso's pro se filings liberally, but we do not act as his attorney. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

### A. *No. 19-1021*

Mr. Tso first challenges the dismissal of his claims under the *Rooker-Feldman* doctrine. We review this issue de novo. *Miller v. Deutsche Bank Nat'l Tr. Co. (In re Miller)*, 666 F.3d 1255, 1260 (10th Cir. 2012).

"The *Rooker-Feldman* doctrine provides that only the Supreme Court has jurisdiction to hear appeals from final state court judgments." *Mayotte v. U.S. Bank Nat'l Ass'n*, 880 F.3d 1169, 1173 (10th Cir. 2018) (ellipsis and internal quotation marks omitted). It precludes the lower federal courts from hearing "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review

4

and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). "The essential point is that barred claims are those complaining of injuries caused by state-court judgments." *Campbell v. City of Spencer*, 682 F.3d 1278, 1283 (10th Cir. 2012) (internal quotation marks omitted).

Mr. Tso did not object to the magistrate judge's recommendation to dismiss his Fifth Amendment claim, which the district court adopted. This court's "firm waiver rule" thus precludes him from appealing the dismissal of that claim. *See Jones v. Salt Lake Cty.*, 503 F.3d 1147, 1152 (10th Cir. 2007). That leaves the dismissal of the RICO claims and the § 1983 claim for us to review. For the reasons discussed in *Tso I*, 760 F. App'x at 567-68, we conclude that the district court did not err in holding the *Rooker-Feldman* doctrine precluded those claims. "Though he complains of various acts taken by the defendants, whether through a RICO 'conspiracy' or denial of just compensation, the only harms alleged involved deprivations that resulted from the state courts' orders." *Id.* at 568.

Mr. Tso argues that this court should apply the "void ab initio" and "extrinsic fraud" exceptions to the *Rooker-Feldman* doctrine. We decline. We have not adopted the "void ab initio" exception, and we are not persuaded it would be appropriate to do so here. *See Anderson v. Private Capital Grp.*, 549 F. App'x 715, 717-18 (10th Cir. 2013) (noting that this court would create a circuit split were it to adopt the "void ab initio" doctrine outside of the bankruptcy context).[2] And we

---

[2] We cite *Anderson*, an unpublished case, for its persuasive value. Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

already have declined to adopt the "extrinsic fraud" exception. *See Tal v. Hogan*, 453 F.3d 1244, 1256 (10th Cir. 2006) ("It is true that new allegations of fraud might create grounds for appeal, but that appeal should be brought in the state courts.").

For these reasons, we affirm the dismissal of Mr. Tso's claims.

## B. *No. 19-1352*

After dismissing the claims, the district court granted the defendants' motion for sanctions and ordered filing restrictions against Mr. Tso. We review the imposition of filing restrictions for abuse of discretion. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991) (recognizing that courts' "inherent powers must be exercised with restraint and discretion" and that "[a] primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process").

"Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions under appropriate circumstances." *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007). A filing restriction is appropriate when (1) "the litigant's abusive and lengthy history is properly set forth"; (2) the court provides guidelines as to what the litigant "must do to obtain the court's permission to file an action"; and (3) the litigant receives "notice and an opportunity to oppose the court's order before it is instituted." *Tripati v. Beaman*, 878 F.2d 351, 353-54 (10th Cir. 1989) (per curiam). The district court satisfied these conditions.

It was not an abuse of discretion to conclude that Mr. Tso's federal litigation history establishes a sufficiently abusive pattern to merit filing restrictions.

*See Andrews*, 483 F.3d at 1073, 1077 (affirming filing restrictions where the plaintiff filed three federal suits involving the same circumstances). Further, the district court sufficiently tailored the restrictions. They apply only in the United States District Court for the District of Colorado, *see Sieverding v. Colo. Bar Ass'n*, 469 F.3d 1340, 1344 (10th Cir. 2006); they address only the subject matter of Mr. Tso's previous federal suits, *see Ford v. Pryor*, 552 F.3d 1174, 1181 (10th Cir. 2008); *Sieverding*, 469 F.3d at 1345; they allow Mr. Tso to file suit if he is represented by a licensed attorney or if he obtains the court's permission to proceed pro se; and they explain the steps that he must take if he does wish to proceed pro se, *see Ketchum v. Cruz*, 961 F.2d 916, 921 (10th Cir. 1992). Mr. Tso's objections to the order—that it is impermissibly ex post facto; that the district court was required (and failed) to find that he acted in bad faith; that his filings were not so numerous as to be abusive; and that the district court should have imposed some less restrictive means—are meritless.

We therefore affirm the district court's order imposing filing restrictions.

### III. **CONCLUSION**

We affirm the district court's judgments in both Nos. 19-1021 and 19-1352.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge

7