**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 17, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TRUMAN GENTRY,

    Defendant - Appellant.

No. 23-3030
(D.C. No. 6:21-CR-10046-JWB-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, **MURPHY**, and **CARSON**, Circuit Judges.
_____

A district court must consider the factors set forth in 18 U.S.C. § 3553(a) and 18 U.S.C. § 3572 when imposing a fine under 18 U.S.C. § 2259A(c).  The district court, however, need not set forth factual findings specific to each statutory factor prior to imposing that fine.

The district court imposed a $10,000 fine on Defendant Truman Gentry pursuant to § 2259A(c).  It expressly noted its obligation to consider the factors set forth in 18 U.S.C. § 3572 and indeed analyzed at least one statutory factor on the record.  Our precedent requires no specific fact-finding on the record for imposition

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

of fines under § 3572, and we will not require such fact-finding when a district court imposes a fine under 18 U.S.C. § 2259A.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I.

Defendant shared a video of his two-year-old son's genitals through Kik Messenger—an instant messaging app.  An undercover detective observed Defendant posting the video.  Defendant and the detective messaged each other, and Defendant offered to make additional videos with his toddler in exchange for original child-pornographic content.  Defendant also described making other videos of his child and trading them with someone who was abusing a one-year-old female.

Law enforcement officers then executed a search warrant at Defendant's residence.  While there, officers learned Defendant had made videos of himself masturbating on his fifteen-year-old sister-in-law.  Defendant also admitted he had posed as a nineteen-year-old on Snapchat—another instant messaging app—to induce girls as young as twelve years old to engage in sexually explicit conduct, which he recorded and stored online.  Law enforcement found the videos Defendant described in his account, including other child pornography.

A grand jury indicted Defendant on two counts of production of child pornography in violation of 18 U.S.C. § 2251(a), one count of advertising for production of child pornography in violation of 18 U.S.C. § 2251(d), and one count of possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). Defendant pleaded guilty to all counts without a plea agreement.

Prior to sentencing, United States Probation and Pretrial Services completed a presentence investigation report ("PSR"). The PSR listed Defendant's employment history and noted that he had zero assets and a negative net worth, concluding Defendant lacked the means to pay a fine.

At sentencing, Defendant did not offer argument on the § 2259A assessment. The district court said that it had considered the United States Sentencing Guidelines, reviewed the PSR, and considered the arguments of the parties. The district court pointed out Defendant's age and gainful employment at the time of his arrest. The district court expressly considered the § 3553(a) factors. The district court discussed the nature of Defendant's conduct—specifically that it included many victims with whom Defendant had direct exploitative contact. When addressing that Defendant faced multiple financial penalties, the district court acknowledged that "[D]efendant is indigent." The district court addressed the Justice for Victims of Trafficking Act of 2015 ("JVTA") before turning to the assessment at issue in this appeal—the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018 ("AVAA"). The district court noted that the AVAA required it to consider both the § 3553(a) factors and the § 3572 factors. It concluded that, "given the nature and circumstances of the defendant's offense, to promote respect for the law, to deter future criminal conduct and protect the community from further crimes of the defendant," it would impose an assessment of $2,500 for each of the four counts.

The district court imposed a below-guideline sentence of sixty years' imprisonment, fifteen years' supervised release, no fine, $400 in special assessments

3

under 18 U.S.C. § 3013, no JVTA assessment, $10,000 in AVAA assessments, and $9,000 in restitution. Defendant raised no objection to the district court's AVAA assessment.

## II.

Defendant raises one issue on appeal—whether the district court erred in imposing the $10,000 AVAA assessment under § 2259A. Defendant contends that the district court did so without considering the factors set forth in § 3572. Defendant did not object to this assessment at sentencing. When a defendant does not object to the district court, we review for plain error. United States v. Veneno, 80 F.4th 1180, 1192 (10th Cir. 2023) (citing United States v. Wilkins, 30 F.4th 1198, 1203 (10th Cir. 2022)). Thus, Defendant must show "(1) there was error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings." United States v. Channon, 973 F.3d 1105, 1115 (10th Cir. 2020) (quoting United States v. Headman, 594 F.3d 1179, 1183 (10th Cir. 2010)).

Section 2259A(a) provides:

> In addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess—(1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5); (2) not more than $35,000 on any person convicted of any other offense for trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense.

The statute requires that in determining the amount of the assessment, "the court shall consider the factors set forth in sections 3553(a) and 3572." 18 U.S.C. § 2259A(c).

Section 3553(a) sets forth the factors a court should consider in imposing a sentence. These factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the applicable guidelines; (5) any pertinent Sentencing Commission policy statement; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

Section 3572 sets forth the factors a district court should consider in determining whether to impose a fine, and the amount, time for payment, and method of payment of a fine. Together with the factors set forth in § 3553(a), the court must consider: (1) the defendant's income, earning capacity, and financial resources; (2) the burden that the fine will impose on the defendant, any person who is financially dependent on the defendant, or any other person (including a government) that would be responsible for the welfare of any person financially dependent on the defendant, relative to the burden that alternative punishments would impose; (3) any

pecuniary loss inflicted upon others as a result of the offense; (4) whether restitution is ordered or made and the mount of such restitution; (5) the need to deprive the defendant of illegally obtained gains from the offense; (6) the expected costs to the government of any imprisonment, supervised release, or probation component of the sentence; (7) whether the defendant can pass on to consumers or other persons the expense of the fine; and (8) whether the defendant is an organization.

Defendant posits that the first § 3572 factor—the defendant's income, earning capacity, and financial resources—requires the district court to consider Defendant's ability to pay a fine. And Defendant asserts that the district court ignored his indigency in the context of the AVAA assessment. Defendant also argues the district court failed to consider the fourth factor—the assessment given the restitution the district court imposed.

The district court did not err. In imposing a fine, a district court must consider the pertinent factors and the basis for the fine. United States v. Vigil, 644 F.3d 1114, 1124 (10th Cir. 2011) (citing United States v. Trujillo, 136 F.3d 1388, 1398 (10th Cir. 1998)). But we also have held that a district court need not set forth factual findings specific to each statutory factor prior to imposing a fine under 18 U.S.C. § 3572. Id. (citing Trujillo, 136 F.3d at 1398).

At the sentencing hearing, the district court determined the PSR was accurate and ordered those findings incorporated into the sentence. It found Defendant indigent and waived the JVTA assessment. The district court noted that three of the identified victims requested restitution. It addressed its requirement to consider the

6

factors in §§ 3553(a) and 3572 when ordering the assessment.  The district court listed the § 3553(a) factors in announcing the $10,000 AVAA assessment.  "[A]bsent some indication in the record suggesting otherwise," we presume that district courts "know the law and apply it in making their decisions."  United States v. Ruiz-Terrazas, 477 F.3d 1196, 1201 (10th Cir. 2007) (quoting United States v. Russell, 109 F.3d 1503, 1512–13 (10th Cir. 1997)).  And here, the record shows that the district court considered the § 3572 factors.

The district court did not say when ordering the $10,000 assessment that it considered "defendant's income, earning capacity, and financial resources."  But in its next sentence, the district court explained that it did not intend to impose a separate fine because of Defendant's inability to pay and that imposition of a fine would hinder his ability to pay restitution and the AVAA assessment.  The record reflects that in fashioning the amount of fine, assessments, and restitution, the district court considered the § 3572 factors.  No error exists in the district court's holistic approach to viewing Defendant's fines, assessments, and restitution.  The district court explained its rationale for its imposition of the AVAA assessment and restitution and why it chose not to impose a fine—specifically because of Defendant's inability to pay and the need for Defendant to pay restitution.  The district court did not err in declining to list these reasons separately when discussing the imposition of each assessment or fine.

7

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge