**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 6, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

KENNETH DEVEREAUX,

    Defendant - Appellant.

No. 22-1203

_____

**Appeal from the United States District Court**
**for the District of Colorado**
**(D.C. No. 1:21-CR-00352-RM-1)**
_____

Submitted on the briefs:*

Virginia L. Grady, Federal Public Defender and Jacob Rasch-Chabot, Assistant Federal Public Defender, Denver, Colorado, for Defendant-Appellant Kenneth Devereaux.

Cole Finnegan, U.S. Attorney and J. Bishop Grewell, Assistant U.S. Attorney, Denver, Colorado, for Plaintiff-Appellee United States of America.
_____

Before **CARSON**, **BALDOCK**, and **EBEL**, Circuit Judges.
_____

_____

* After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

**EBEL**, Circuit Judge.

_____

In this direct criminal appeal, Defendant Kenneth Devereaux challenges his sixty-month sentence for being a felon in possession of a firearm.  Devereaux contends that, in calculating his sentence under the guidelines, the district court erred in treating his prior conviction under 18 U.S.C. § 113(a)(6) for assault resulting in serious bodily injury as a "crime of violence" and then using that prior conviction to increase Devereaux's base offense level.  The district court deemed Devereaux's prior § 113(a)(6) conviction to be a "crime of violence" after determining that it had as an element the use, attempted use, or threatened use of physical force against the person of another.

A § 113(a)(6) assault can be committed either intentionally or recklessly.  The question here is whether those alternate mentes reae are elements of two different offenses proscribed by § 113(a)(6) or are instead different means to commit a single indivisible offense.  Applying Mathis v. United States, 579 U.S. 500 (2016), we conclude they are different means to commit a single indivisible offense.  In light of that and because the least criminalized conduct § 113(a)(6) proscribes is recklessness, a § 113(a)(6) conviction categorically does not have as an element the use, attempted use, or threatened use of physical force against the person of another.  See Borden v. United States, 593 U.S.—, 141 S. Ct. 1817 (2021) (plurality).  The district court, therefore, erred in treating Devereaux's prior § 113(a)(6) conviction as a "crime of

violence." Having jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we VACATE Devereaux's sentence and REMAND for resentencing.

## I. BACKGROUND

Devereaux pled guilty to being a previously convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). In preparation for sentencing, a probation officer prepared a presentence report ("PSR"), which used U.S.S.G. § 2K2.1(a) to calculate Devereaux's base offense level.[1] Section 2K2.1 applies to a variety of firearm offenses; § 2K2.1(a) provides different base offense levels depending on the circumstances of a given case. Here, the PSR originally calculated Devereaux's base offense level to be 20, based on the fact that Devereaux admitted possessing an unlawful short-barreled shotgun. See U.S.S.G. § 2K2.1(a)(4)(B)(i)(II).

Devereaux's base offense level would have, instead, been 22 if, in addition to his possessing the short-barreled shotgun, one of his prior convictions qualified as a "crime of violence." See id. § 2K2.1(a)(3). Before sentencing, the district court raised the possibility that Devereaux's prior conviction under 18 U.S.C. § 113(a)(6) for assault resulting in serious bodily injury qualified as a "crime of violence."[2]

---

[1] The PSR used the 2021 sentencing guidelines, as do we.

[2] 18 U.S.C. § 113(a)(6) provides: "Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of assault shall be punished as follows: . . . (6) Assault resulting in serious bodily injury, by a fine under this title or imprisonment for not more than ten years, or both."

3

Devereaux, the Government, and the probation officer all responded that Devereaux's prior § 113(a)(6) felony conviction did <u>not</u> qualify as a "crime of violence."  The district court disagreed and increased Devereaux's base offense level to 22.[3]  In doing so, the court concluded that Devereaux's prior § 113(a)(6) assault conviction qualified as a "crime of violence" because it "has as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. § 4B1.2(a)(1).[4]

A court applies the now familiar categorical approach to determine whether a prior conviction qualifies as a "crime of violence" under U.S.S.G. § 4B1.2(a).  See Maloid, 71 F.4th at 804–05.  The categorical approach focuses on the elements of the

---

[3] The district court initially suggested another of Devereaux's prior felony convictions, one for aiding and abetting involuntary manslaughter, should also be deemed a "crime of violence."  The district court, however, ultimately determined that prior conviction did not qualify as a "crime of violence."  That decision is not before us in this appeal.

[4] The guideline provision that applies to Devereaux's felon-in-possession conviction, U.S.S.G. § 2K2.1, incorporates the definition of "crime of violence" found in U.S.S.G. § 4B1.2(a) and its application note 1.  See U.S.S.G. § 2K2.1, app. n.1. Relevant here, § 4B1.2(a) defines "crime of violence" in two ways: an "offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is . . . aggravated assault," among other enumerated offenses.  The former definition is referred to as the "elements clause"; the latter as the "enumerated clause."  United States v. Maloid, 71 F.4th 795, 801 (10th Cir. 2023).  The district court held that Devereaux's § 113(a)(6) conviction did not qualify as "aggravated assault" under § 4B1.2(a)(2)'s enumerated clause.  That decision is not before us on appeal.

4

prior offense of conviction and not on the defendant's actual conduct underlying that prior conviction.  See Mathis, 579 U.S. at 504.

> If some conduct that would be a crime under the statute [of prior conviction] would not be a 'crime of violence' under § 4B1.2(a), then any conviction under that statute will not qualify as a 'crime of violence' for a sentence enhancement under the Guidelines, regardless of whether the conduct that led to a defendant's prior conviction was in fact violent."

Maloid, 71 F.4th at 805 (quoting United States v. O'Connor, 874 F.3d 1147, 1151 (10th Cir. 2017)).

One problem with treating Devereaux's prior § 113(a)(6) assault conviction as a "crime of violence" is that a § 113(a)(6) assault can be committed recklessly, see United States v. Zunie, 444 F.3d 1230, 1232, 1233–35 (10th Cir. 2006), but a reckless offense categorically does not have "as an element the use, attempted use, or threatened use of physical force against the person of another," Borden, 141 S. Ct. at 1821–22 (quoting 18 U.S.C. § 924(e)(2)(B)(i)).  Here, the district court avoided this problem by ruling that § 113(a)(6) is divisible; that is, it proscribes not one but two different offenses: 1) intentional and 2) reckless assault resulting in serious injury.[5]  Treating § 113(a)(6) as divisible, the district court applied the modified categorical approach and, reviewing the relevant Shepard[6] documents—including charging and plea documents from Devereaux's prior assault case—determined that

---

[5] The district court distinguished between intentional and reckless assault resulting in serious bodily injury.  We do the same.  But Zunie, using Model Penal Code's terminology, specifically held that § 113(a)(6) could be committed "purposely, knowingly, or recklessly."  444 F.3d at 1235.

[6] Shepard v. United States, 544 U.S. 13, 16 (2005).

Devereaux's previous § 113(a)(6) conviction was for intentional, rather than reckless, assault resulting in serious bodily injury. On that basis, the district court determined that Devereaux's prior assault conviction qualified as a "crime of violence" that increased his base offense level from 20 to 22, which in turn raised his advisory imprisonment range from 57 to 71 months up to 70 to 87 months. The district court then imposed a below-guideline sentence of 60 months in prison.

Devereaux appeals the district court's decision to treat his prior § 113(a)(6) assault conviction as a "crime of violence." The Government agrees with Devereaux that the district court erred.

## II. STANDARD OF REVIEW

This court reviews de novo the question of "[w]hether a prior conviction qualifies as a 'crime of violence' under the Guidelines." United States v. Gieswein, 887 F.3d 1054, 1058 (10th Cir. 2018).

## III. DISCUSSION

The question we address is whether the alternate mentes reae[7] that can violate § 113(a)(6)—intentional (purposeful and knowing) and reckless—are elements of separate assault offenses or are instead different factual means to commit a single, indivisible assault offense. Applying the Supreme Court's guidance in Mathis, we conclude that § 113(a)(6) sets forth a single offense—assault resulting in serious bodily injury—that can be committed by means of either intentional or reckless

---

[7] The parties use the phrase mentes reae, which is the plural of mens rea. We follow suit.

conduct.  Thus, we assess whether a prior § 113(a)(6) conviction qualifies as a crime

of violence using the categorical, rather than the modified categorical, approach.

## A. Mathis' guidance

As we previously noted, the categorical approach focuses on the elements of

the prior offense of conviction rather than on the actual conduct underlying that

conviction.  See Mathis, 579 U.S. at 504.

> "Elements" are the "constituent parts" of a crime's legal definition—the
> things the "prosecution must prove to sustain a conviction." Black's Law
> Dictionary 634 (10th ed. 2014). At a trial, they are what the jury must
> find beyond a reasonable doubt to convict the defendant, see Richardson
> v. United States, 526 U.S. 813, 817 (1999); and at a plea hearing, they are
> what the defendant necessarily admits when he pleads guilty, see
> McCarthy v. United States, 394 U.S. 459, 466 (1969).

Id.

When a criminal statute "list[s] elements in the alternative, and thereby

define[s] multiple crimes," a court applies the modified categorical approach.  Id.

at 505.  "Under that approach, a sentencing court [first] looks to a limited class of

documents (for example, the indictment, jury instructions, or plea agreement and

colloquy) to determine what crime, with what elements, a defendant was convicted

of."  Id.  After making that determination, the court can then apply the categorical

approach to determine whether that offense of conviction qualifies as a "crime of

violence."  Id. at 506-07.

The Supreme Court recognizes there is a different type of criminal statute, one

which sets forth, not "multiple elements" that create separate offenses, but instead

"enumerates various factual means of committing a single element." Id. at 506. The modified categorical approach does not apply to a conviction under that type of statute. Id. at 503, 506–07, 513, 517. Instead, in that situation, only the categorical approach applies based on the offense's elements, regardless of what factual means the defendant employed to commit the single indivisible offense. See id. at 503, 513.

As an example of a statute that sets forth several factual means to commit a single offense, Mathis cites the following:

> [S]uppose a statute requires use of a "deadly weapon" as an element of a crime and further provides that the use of a "knife, gun, bat, or similar weapon" would all qualify. See Descamps[ v. United States], 570 U.S. [254,] 271 [(2013)]; Richardson, 526 U.S., at 817. Because that kind of list merely specifies diverse means of satisfying a single element of a single crime—or otherwise said, spells out various factual ways of committing some component of the offense—a jury need not find (or a defendant admit) any particular item: A jury could convict even if some jurors "conclude[d] that the defendant used a knife" while others "conclude[d] he used a gun," so long as all agreed that the defendant used a "deadly weapon." Ibid.; see Descamps, 570 U.S., at 270 (describing means, for this reason, as "legally extraneous circumstances").

Id. at 506.

Here, the specific question is whether the different mentes reae (intentional assault or reckless assault) that can support a § 113(a)(6) conviction are different means by which a defendant can commit a single indivisible assault offense or, instead, whether the different mentes reae are elements of separate and different assault offenses. As an initial matter, we have not found any precedent holding that differing mentes reae cannot be different means to commit a single offense. Mathis

noted that possibility. See 579 U.S. at 512 n.3.[8]  In fact, this court has on occasion treated different mentes reae as means to commit one element of a single indivisible offense rather than as different elements of separate criminal offenses. See United States v. Kepler, 74 F.4th 1292, 1304 (10th Cir. 2023) (stating that "[ma]lice is the

_____

[8] Mathis noted that one of the reasons the Court applies a categorical approach that focuses on the elements of a prior conviction, 579 U.S. at 510, is that

> an elements-focus avoids unfairness to defendants. Statements of "non-elemental fact" in the records of prior convictions are prone to error precisely because their proof is unnecessary. [Descamps, 570 U.S.] at 270.  At trial, and still more at plea hearings, a defendant may have no incentive to contest what does not matter under the law; to the contrary, he "may have good reason not to"—or even be precluded from doing so by the court. Ibid. When that is true, a prosecutor's or judge's mistake as to means, reflected in the record, is likely to go uncorrected. See ibid. Such inaccuracies should not come back to haunt the defendant many years down the road by triggering a lengthy mandatory sentence.

Mathis, 579 U.S. at 512 (footnote omitted).  Mathis further explained:

> To see the point most clearly, consider an example arising in the immigration context: A defendant charged under a statute that criminalizes "intentionally, knowingly, or recklessly" assaulting another—as exists in many States . . .— has no apparent reason to dispute a prosecutor's statement that he committed the crime intentionally (as opposed to recklessly) if those mental states are interchangeable means of satisfying a single mens rea element. But such a statement, if treated as reliable, could make a huge difference in a deportation proceeding years in the future, because an intentional assault (unlike a reckless one) qualifies as a "crime involving moral turpitude," and so requires removal from the country.

Id. at 512 n.3.

mens rea element of [federal] second-degree murder, and depraved-heart recklessness is one way to prove malice").[9]

Mathis sets forth three factors for a court to consider in making the elements-versus-means determination.

> First, a . . . court decision may provide the answer by, for example, specifying which elements require unanimous jury agreement. Mathis, 579 U.S. at 517–18. Second, the statute itself may provide the answer, such as by tying the alternatives to different punishments. Id. at 518. Finally, when the first two tools do not resolve the matter, a court can take a "peek" at the record of the prior conviction, but only for the "limited purpose of determining whether [the listed items are] element[s] of the offense." Id. at 518 (quoting Rendon v. Holder, 782 F.3d 466, 473–74 (9th Cir. 2015) [(Kozinski, J. (dissent from denial of rehearing en banc)] (alterations in original)).

United States v. Winrow, 49 F.4th 1372, 1376–77 (10th Cir. 2022).[10]

---

[9] Other circuits, addressing different state statutes that expressly include several mentes reae, have deemed those mentes reae to be means rather than elements. See, e.g., United States v. Brasby, 61 F.4th 127, 135 & n.35 (3d Cir. 2023) (citing Cabeda v. Att'y Gen., 971 F.3d 165, 174 n. 9 (3d Cir. 2020), and United States v. Hoxworth, 11 F.4th 693, 696 (8th Cir. 2021)).

[10] Here, the district court, in erroneously concluding that the differing mentes reae for committing assault under § 113(a)(6) were elements of separate and different assault offenses, did not address or apply Mathis and, in fact, appears to have analyzed the question contrary to Mathis. For example, the district court erroneously thought that Congress's intent in drafting § 113(a) was irrelevant. The district court also several times mentioned taking a "peek" at documents from Devereaux's prior § 113(a)(6) prosecution when applying the modified categorical approach. But, when employing the modified categorical approach, a court is not limited to "a peek." It can look at and rely on all relevant Shepard documents in order to determine under which of a divisible statute's multiple offenses the defendant was convicted. It is when a court is, instead, making Mathis' elements-versus-means determination that the court can only "peek" at the relevant documents in order to determine whether the different ways to violate a criminal statute are elements that the Government must

"Ordinarily, a statute is indivisible unless we can tell with certainty that the alternative statutory components constitute elements (rather than means)." United States v. Wilkins, 30 F.4th 1198, 1203 (10th Cir. 2022) (citing United States v. Cantu, 964 F.3d 924, 929 (10th Cir. 2020)).

**B. Applying <u>Mathis</u>, the different mentes reae that can violate § 113(a)(6) are means to commit a single indivisible assault offense**

We apply, then, the factors Mathis identified—the statute of Devereaux's prior assault conviction (§ 113(a)(6)), case law interpreting that statute and, if necessary, a peek at the record underlying Devereaux's prior conviction, see Mathis, 579 U.S. at 517–18, to conclude that the differing mentes reae by which a defendant can commit a § 113(a)(6) assault are means to commit a single indivisible offense.

**1. The statute**

Applying Mathis' factors, we begin in this case with the statute itself, § 113(a)(6). Here, that does not aid our elements-versus-means determination.

Mathis notes several ways by which "the statute on its face may resolve the" elements-versus-means question. 579 U.S. at 518. "If statutory alternatives carry different punishments, then under Apprendi[ v. New Jersey, 530 U.S. 466 (2000),] they must be elements." That interpretive guidance applies to 18 U.S.C. § 113(a) <u>as a whole</u>. In enacting § 113(a), Congress set forth eight separate assault offenses,

---

prove to a factfinder beyond a reasonable doubt or are instead means that the Government need not prove beyond a reasonable doubt.

each with different elements and different punishments.[11]  See generally United

States v. Clark, 981 F.3d 1154, 1165 (10th Cir. 2020) (noting that § 113(a) "covers a

_____

[11]

**18 U.S.C. § 113 Assaults within maritime and territorial jurisdiction**

(a) Whoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows:

(1) Assault with intent to commit murder or a violation of section 2241 or 2242, by a fine under this title, imprisonment for not more than 20 years, or both.

(2) Assault with intent to commit any felony, except murder or a violation of section 2241 or 2242, by a fine under this title or imprisonment for not more than ten years, or both.

(3) Assault with a dangerous weapon, with intent to do bodily harm, by a fine under this title or imprisonment for not more than ten years, or both.

(4) Assault by striking, beating, or wounding, by a fine under this title or imprisonment for not more than 1 year, or both.

(5) Simple assault, by a fine under this title or imprisonment for not more than six months, or both, or if the victim of the assault is an individual who has not attained the age of 16 years, by fine under this title or imprisonment for not more than 1 year, or both.

(6) Assault resulting in serious bodily injury, by a fine under this title or imprisonment for not more than ten years, or both.

(7) Assault resulting in substantial bodily injury to a spouse or intimate partner, a dating partner, or an individual

wide range of '[a]ssaults within the special maritime and territorial jurisdiction'"). But the question here is whether one of those eight separate offenses—assault resulting in serious bodily injury, § 113(a)(6)—is further divisible into separate offenses for intentional assaults resulting in serious bodily injury and reckless assaults resulting in serious bodily injury. The language of § 113(a)(6)—"[w]hoever, within the special maritime and territorial jurisdiction of the United States, is guilty of an assault shall be punished as follows: . . . (6) Assault resulting in serious bodily injury, by a fine under this title or imprisonment for not more than ten years, or both"—does not suggest more than one offense.

Mathis further suggests considering whether the statute "is drafted to offer 'illustrative examples'"; if so, those examples are means. 579 U.S. at 518. Further, the "statute may itself identify which things must be charged (and so are elements) and which need not be (and so are means)." Id. Neither is the case with § 113(a)(6) because the statute itself does not set forth any mens rea by which a defendant can violate § 113(a)(6). Instead, the alternate intentional and reckless mentes reae by

---

who has not attained the age of 16 years, by a fine under this title or imprisonment for not more than 5 years, or both.

**(8)** Assault of a spouse, intimate partner, or dating partner by strangling, suffocating, or attempting to strangle or suffocate, by a fine under this title, imprisonment for not more than 10 years, or both.

(Emphasis added.)

which a defendant can violate § 113(a)(6) come from judicial gloss courts have placed on the statute.[12]  See Zunie, 444 F.3d at 1235.

## 2. Case law interpreting § 113(a)(6)

As Mathis suggests, we turn next to case law interpreting § 113(a)(6).  This is the most helpful interpretive guidance in our case and leads us to conclude that the differing mentes reae by which one can violate § 113(a)(6) are means by which to commit a single indivisible assault offense.

### a. Generally

As a starting point, the Tenth Circuit, relying on the express language of the statute, has consistently indicated that a § 113(a)(6) offense requires proof of two elements: "(1) the defendant assaulted a victim and (2) the victim suffered serious bodily injury."  United States v. Mann, 899 F.3d 898, 902 (10th Cir. 2018), overruled on other grounds by Borden, 141 S. Ct. at 1821 (2021)[13]; see also Clark, 981 F.3d at 1165; Zunie, 444 F.3d at 1233.

---

[12] Courts apply the categorical/modified categorical approach to elements provided by judicial interpretation rather than the statute's language.  Cf. Taylor v. United States, 495 U.S 575, 578, 598, 602 (1995); Kepler, 74 F.4th at 1297–98, 1300.

[13] Mann also held that a § 113(a)(6) assault conviction categorically qualified as a "crime of violence" under 18 U.S.C. § 924(c)'s elements clause, even though it could be committed recklessly.  899 F.3d at 900–02.  As explained in the next section of this opinion, Borden overruled Mann on that point.

In Zunie, the Tenth Circuit held that a § 113(a)(6) assault can be committed either intentionally or recklessly.[14]  See 444 F3d at 1233–36.  In reaching that conclusion, Zunie reasoned as follows: Under the common law, assault is a general (rather than a specific) intent crime.  Id. at 1233.  The Tenth Circuit has defined a general intent crime as "one in which an act was done voluntarily and intentionally, and not because of mistake or accident."  Id. at 1234 (quoting United States v. Blair, 54 F.3d 639, 642 (10th Cir. 1995)).  But "[t]he Model Penal Code suggests replacing conceptions of 'specific intent' and 'general intent' with a 'hierarchy of culpable states of mind,' including (1) purpose, (2) knowledge, (3) recklessness, and (4) negligence."  Id. (quoting United States v. Bailey, 444 U.S. 394, 403–04 (1980)).  Under the Model Penal Code, a general intent crime like assault can be committed by a defendant acting with three of the four mentes reae that the Code recognizes: purpose, knowledge, and recklessness.[15]  Id. at 1235.  Zunie, thus, concluded that an assault under § 113(a)(6) could be committed by a defendant acting "purposely, knowingly, or recklessly."  Id.  Neither the parties nor the district court have cited,

---

[14] The specific question presented in Zunie was whether there was sufficient evidence to support the defendant's § 113(a)(6) conviction.  See 444 F.3d at 1233.

[15] Under the Model Penal Code, "[a] person acts purposefully when he 'consciously desires' a particular result"; "[h]e acts knowingly when 'he is aware that [a] result is practically certain to follow from his conduct,' whatever his affirmative desire"; and "[a] person acts recklessly . . . when he 'consciously disregards a substantial and unjustifiable risk' attached to his conduct, in 'gross deviation' from accepted standards."  Borden, 141 S. Ct. at 1823 (quoting Bailey, 444 U.S. at 404, and Model Penal Code § 2.02(2)(c)).

nor have we found, any case law in the Tenth Circuit or otherwise directly addressing whether a jury must agree unanimously on a specific mens rea before convicting a defendant under § 113(a)(6).

### b. The Supreme Court's decision in Borden

Although it does not address a § 113(a)(6) assault, Borden is essential to the rest of our discussion.  In Borden, a plurality of the Supreme Court applied the categorical approach to hold that a crime that can be committed recklessly categorically does not have "as an element the use, attempted use, or threatened use of physical force against the person of another."  141 S. Ct. at 1821–22, 1825, 1834 (holding Tennessee conviction for reckless aggravated assault categorically did not qualify as a "violent felony" under 18 U.S.C. § 924(e)(2)(B)(i)'s elements clause).  A fifth justice, Justice Thomas, also held that 18 U.S.C. § 924(e)(2)(B)(i)'s elements clause "does not encompass petitioner's conviction for reckless aggravated assault."  Id. at 1834 (Thomas, J., concurring).  Borden reasoned that "[t]he phrase 'against another,' when modifying the 'use of force,' demands that the perpetrator direct his action at, or target, another individual. Reckless conduct is not aimed in that prescribed manner."  Id. at 1825.[16]

Although Borden addressed a statute and the issue presented here involves sentencing guideline provisions, the Tenth Circuit has "applied Borden to the

---

[16] See Kepler, 74 F.4th at 1302 n.11 (noting that five justices in Borden "concluded that a criminal offense with a reckless mens rea does not qualify as a violent crime entailing 'use of physical force against the person . . . of another.'" (quoting Borden, 141 S. Ct. at 1825)).

sentencing guidelines, holding that a crime of violence under the sentencing guidelines requires a mens rea greater than recklessness." Wilkins, 30 F.4th at 1201 n.1 (citing United States v. Ash, 7 F.4th 962, 963 (10th Cir. 2021), which applied Borden to hold that a Kansas conviction for reckless aggravated battery does not qualify as a "crime of violence" under U.S.S.G. § 4B1.2).

### c.  After Borden, Benally indicates that § 113(a)(6) proscribes a single indivisible assault offense

The parties, in agreeing that § 113(a)(6) sets forth a single indivisible assault offense, primarily rely on this court's post-Borden decision in United States v. Benally, 19 F.4th 1250 (10th Cir. 2021).  Benally specifically addressed whether the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3663A, required restitution in that case.  19 F.4th at 1252.  The MVRA requires restitution for certain designated offenses, including "crimes of violence" as defined in 18 U.S.C. § 16. See 19 F.4th at 1256 (citing 18 U.S.C. § 3663A(c)(1)(A)(i)).  Similar to the sentencing guideline provision at issue here, 18 U.S.C. § 16(a) defines a "crime of violence" to include "an offense that has as an element the use, attempted use, or threatened use of physical force against the person or property of another."  Applying Borden, Benally held that a § 113(a)(6) conviction for assault resulting in serious bodily injury did not have "as an element the use, attempted use, or threatened use of physical force against the person or property of another" because § 113(a)(6) can be committed with a mens rea of recklessness.  19 F.4th at 1258 (quoting 18 U.S.C. § 16(a)).

17

Benally supports our conclusion here that § 113(a)(6) sets forth a single indivisible assault offense, to which only the categorical, and not the modified categorical, approach applies, although Benally did not explicitly address the element-versus-means inquiry presented in this case.  See also Jones v. United States, 36 F.4th 974, 986 (9th Cir. 2022) (holding, in second or successive 28 U.S.C. § 2255 proceeding, that "[b]ecause an assault resulting in serious bodily injury under § 113(a)(6) can be committed recklessly, after Borden it cannot qualify as" a crime of violence under 18 U.S.C. § 924(c)(3)(A)'s elements clause) (citing Benally).[17]

---

[17] In making a Mathis elements-versus-means determination, courts also consider pattern jury instructions.  See Wilkins, 30 F.4th at 1204.  Here, however, pattern instructions do not provide any compelling insight.  The Tenth Circuit does not have a pattern jury instruction for § 113(a)(6).  Although Eighth Circuit pattern criminal instruction 6.18.113(6) addresses § 113(a)(6) and requires proof of an assault, defined as "any intentional and voluntary attempt or threat to injure another person," Eighth Circuit precedent recognizes that a § 113(a)(6) assault can also be committed recklessly, see United States v. Ashley, 255 F.3d 907, 911 (8th Cir. 2001).  Ninth Circuit pattern criminal instruction 8.8 requires proof that the defendant assaulted the victim "by intentionally" striking or wounding him, but the comments to that instruction further note that proof of battery can also support a § 113(a)(6) conviction, and "at common law, criminal battery is shown if the defendant's conduct is reckless."  In United States v. Charley, 1 F.4th 637, 641, 648 n.7 (9th Cir. 2021), the Ninth Circuit noted that the trial court in that case instructed jurors that it was the Government's burden to prove that the defendant charged with assault under § 113(a)(6) "intentionally, knowingly, or recklessly" struck or wounded the victim.  That instruction suggests those differing mentes reae are means to prove one assault offense.  But Charley did not specifically address the propriety of that instruction.  These authorities, then, do not provide any compelling insight into whether intentional and reckless mentes reae are elements or means for purposes of a § 113(a)(6) assault.

18

## IV. CONCLUSION

In sum, "[o]rdinarily, a statute is indivisible unless we can tell with certainty that the alternative statutory components constitute elements (rather than means)." Wilkins, 30 F.4th at 1203. We cannot say here "with certainty" that the different mentes reae that can violate § 113(a)(6) are elements of different offenses. Instead, § 113(a)(6)'s language, as well as the case law applying that statute—particularly Benally—indicate that § 113(a)(6) sets forth a single indivisible assault offense that can be violated by different mentes reae. The district court, therefore, erred in applying the modified categorical approach to determine whether Devereaux's prior § 113(a)(6) assault conviction was based on intentional rather than reckless conduct. Because § 113(a)(6) sets forth a single indivisible assault offense that could be committed recklessly, a § 113(a)(6) conviction categorically does not have as an element the use, attempted use, or threatened use of physical force against the person of another, see Borden, 141 S. Ct. at 1822, as required by U.S.S.G. §§ 4B1.2(a)(1), which § 2K2.1(a)(3) incorporates. Because the district court, therefore, erred in treating Devereaux's prior § 113(a)(6) conviction as a "crime of violence" for purposes of calculating Devereaux's offense level, we VACATE his sentence and REMAND for resentencing consistent with this opinion.