**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

FILED
United States Court of Appeals
Tenth Circuit

**April 1, 2025**

**Christopher M. Wolpert
Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RANDY PLATT,

    Defendant - Appellant.

No. 24-1464
(D.C. Nos. 1:24-CV-02830-WJM &
1:19-CR-00188-WJM-1)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **TYMKOVICH**, **BALDOCK**, and **FEDERICO**, Circuit Judges.
_____

Randy Platt is serving a sentence in Florence, Colorado for assaulting a federal officer.  More than two years after final judgment was entered on his conviction, Platt filed a federal habeas petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Finding the petition time-barred, the district court denied it, denied a certificate of appealability to this court, and denied leave to proceed *in forma pauperis* on appeal.

We agree with the district court that Platt cannot be excused from the one-year statute of limitation for filing habeas petitions, and deny the certificate of appealability.

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    Background

In April 2019, Randy Platt was charged with assaulting a federal officer of the

Bureau of Prisons in violation of 18 U.S.C. § 111(a).  Pursuant to a plea agreement, Platt

pleaded guilty in January 2020.  Because the underlying offense was a "crime of

violence," as were two of his prior convictions, the district court applied a career offender

enhancement in calculating Platt's sentence.  *See* U.S.S.G. § 4B1.1.  Based on the

Sentencing Guidelines, Platt's applicable range of imprisonment was 151 to 188 months.

The district court varied downward, imposing a 150-month term of imprisonment.

Judgment was entered on January 11, 2022.  Platt did not appeal.

On October 11, 2024, Platt filed a *pro se* federal habeas petition under 28 U.S.C.

§ 2255.[1]  This filing date was exactly two years and nine months after final judgment was

entered.  Platt made three assertions before the district court.  First, the career offender

enhancement was erroneously applied because one of his prior convictions (Assault with

Serious Bodily Injury) did not qualify as a crime of violence according to our decision in

*United States v. Devereaux*, 91 F.4th 1361 (10th Cir. 2024).  Second, Platt alleged the

collateral attack waiver provision in his plea agreement was unconstitutional and thus

unenforceable or, in the alternative, would result in a miscarriage of justice if enforced.

Third, Platt asserted his sentencing counsel was ineffective because counsel failed to

---

[1] As Platt represents himself *pro se*, we construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)).  But the court will not act as an advocate.  *James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013).

challenge his prior conviction of Assault with Serious Bodily Injury, in light of the Supreme Court's decision in *Borden v. United States*, 593 U.S. 420 (2021).

The district court denied Platt's habeas petition because the § 2255 motion was untimely on its face, and he did not demonstrate there were grounds for equitable tolling. The court, accordingly, declined to address Platt's three arguments on the merits. It also declined to issue a certificate of appealability because Platt failed to make a substantial showing of the denial of a constitutional right.

On appeal, Platt argues the district court erred in its determination as to all three arguments. But he does not argue that his petition is timely or subject to an exception. Platt has since filed a combined opening brief and application for a certificate of appealability. He also moves to proceed *in forma pauperis* on appeal with this court.

## II.    Discussion

We have jurisdiction to review the denial of a petition for a writ of habeas corpus only when we, or a district court, issue a certificate of appealability. *Tyron v. Quick*, 81 F.4th 1110, 1144 (10th Cir. 2023), *cert. denied*, No. 23-7085, 2024 WL 2709383 (U.S. May 28, 2024); *see* 28 U.S.C. § 2253(c)(1) (plainly stating this procedural bar to take an appeal). We may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this showing, a prisoner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

3

As a threshold matter, a petition under § 2255 must be timely filed. Subsection (f) imposes a one-year limitation period. § 2255(f). Relevant here, the period runs either from when the conviction was final or when the right asserted was initially recognized by the Supreme Court, whichever is latest. *Id.* A district court may dismiss a habeas petition *sua sponte* only if untimeliness is clear from the petition's face. *Kilgore v. Att'y Gen. of Colorado*, 519 F.3d 1084, 1089 (10th Cir. 2008).

But even an untimely petition under § 2255 may be considered in extraordinary circumstances under the doctrine of equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Equitable tolling is available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Id.* (citations omitted). "Equitable tolling would be appropriate, for example, when a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period . . . ." *United States v. Gabaldon*, 522 F.3d 1121, 1124 (10th Cir. 2008) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).

A prisoner relying on actual innocence for a guilty plea must prove his *innocence* of the very crime of conviction. *Taylor v. Powell*, 7 F.4th 920, 933 (10th Cir. 2021). However, as the Supreme Court has acknowledged, "tenable actual-innocence gateway

4

pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (5–4 decision).[2]  Mere legal insufficiency, such as in the calculation of sentencing, is inapposite from actual innocence.  *See Bousley v. United States*, 523 U.S. 614, 623 (1998).

Platt repeats his three bases for habeas relief: (1) he is innocent of the crime of Assault with Serious Bodily Injury, and thus he is not a career offender; (2) part of his plea agreement was unconstitutional and would lead to injustice if enforced; and (3) his sentencing counsel was ineffective.  But as we explain, his petition is untimely.  In addition, equitable tolling of his untimely petition would be inappropriate because Platt has not brought forth any evidence to suggest he is actually innocent of the crime of conviction.

### A.    Statute of Limitations

The writ of habeas corpus statute, § 2255(f), and cases interpreting it dispose of Platt's arguments.  *See* § 2255(f)(1), (3).  The statutory one-year limitation period runs from the latest of the date when the conviction was final or when the right asserted was initially recognized by the Supreme Court.  *Id.*  Platt presents two cases to purportedly imply his petition is not untimely.  App. R. 1 (citing *Borden*, 593 U.S. at 420; *Devereaux*, 91 F.4th at 1361).

---

[2] *But see McQuiggin*, 569 U.S. at 401–02 (Scalia, J. dissenting).  Justice Scalia stressed that the majority overstepped by effectively ignoring a "clear statutory command" by Congress when it provided a one-year limitation period for habeas petitions.  Rather, he argued that "actual innocence" should have remained a viable exception only to judicial barriers to relief, not statutory.  We make no determination about the decision in *McQuiggin* but wish to highlight the Court's continued discord on this issue.  *See Jones v. Hendrix*, 599 U.S. 465, 491 (2023) ("Undoubtedly, *McQuiggin*'s assertion of equitable authority to override clear statutory text was a bold one.").

At the outset, though it was decided last year by this court, *Devereaux* is not a Supreme Court case as required by § 2255(f)(3). The case simply does not qualify under the statute so as to reset the one-year limitation period for Platt's petition. Platt's reliance on the Supreme Court's decision in *Borden* also fails because Platt's conviction became final *after Borden* was decided. Without the filing of a direct appeal, as here, a defendant's conviction becomes final when the time expires to file a direct appeal. *See United States v. Prows*, 448 F.3d 1223, 1227–28 (10th Cir. 2006) (citation omitted). Narrowed to these circumstances, in a criminal case, a defendant must file a notice of appeal in district court within fourteen days after entry of the judgment. Fed. R. App. P. 4(b)(1)(A)(i).

In turn, Platt's conviction became final fourteen days after judgment was entered on January 11, 2022. That date is January 25, 2022, which is later than when *Borden* was decided on June 10, 2021. The one-year limitation period under § 2255 therefore began to run on January 25, 2022, and ended on January 25, 2023. Because Platt did not file his petition until 2024, it is untimely. *See Kilgore*, 519 F.3d at 1089.

We therefore agree with the district court's conclusion that Platt's petition is untimely under § 2255.

### B.    *Equitable Tolling*

We now turn to whether we may consider Platt's untimely § 2255 petition under the doctrine of equitable tolling. Equitable tolling would apply if Platt credibly demonstrates "actual innocence" of the relevant crime. *See McQuiggin*, 569 U.S. at 386. But he has not made that showing here. Because Platt has failed to present any evidence

6

to demonstrate his innocence of the crime of conviction, and has rather objected to his imprisonment term, we find that his petition is not fit for equitable tolling. *See Taylor*, 7 F.4th at 933. Moreover, Platt does not allege that there were any "extraordinary circumstances beyond his control" that caused him to fail to timely file his petition. *See Marsh*, 223 F.3d at 1220.

The major premise of Platt's argument on actual innocence appears to be based on a recent change in judicial precedent after our decision in *Devereaux*. There, we held that a defendant's prior conviction under 18 U.S.C. § 113(a)(6), Assault with Serious Bodily Injury, is not a categorical "crime of violence" for sentencing purposes because an assault under § 113(a)(6) can be committed recklessly, and a reckless offense does not have "as an element the use, attempted use, or threatened use of physical force against the person of another . . . ." *Devereaux*, 91 F.4th at 1362–64 (quoting *Borden*, 593 U.S. at 423).[3] But this argument has to do with whether Platt is a career offender, not to whether Platt is innocent of his crime of conviction.

And to whatever extent *Devereaux* or *Borden* may affect the legal determination in calculating his sentence for the present offense, Platt has not set forth new facts which support his innocence of the crime, and thereby overcome his untimely petition. *See United States v. Palms*, No. 24-5026, 2024 WL 4692209, at *1–2 (10th Cir. Nov. 6, 2024) (when a criminal defendant does not attempt to argue factual innocence in a similar

---

[3] In *Borden*, the Supreme Court held that a criminal offense that only requires a *mens rea* of recklessness cannot qualify as a "violent felony" under the Armed Career Criminal Act, 18 U.S.C. § 924(e). *Borden*, 593 U.S. at 423 (plurality opinion). That case informed our decision in *Devereaux*.

petition, that is "enough to deny the certificate of appealability") (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). The distinction between factual innocence and legal insufficiency is important because equitable tolling is at least possible with evidence of the former, but not the latter. *See Bousley*, 523 U.S. at 623. With that understanding, Platt's petition is facially untimely and is not subject to equitable tolling because he does not meet the standard for actual innocence.

Accordingly, we find the district court properly dismissed the petition *sua sponte*. *See Kilgore*, 519 F.3d at 1089.

## III.    Conclusion

In conclusion, Platt has not made a substantial showing of the denial of a constitutional right. *See* § 2253(c)(2). Nor has Platt demonstrated that reasonable jurists would find the district court's assessment regarding the denial of his petition "debatable or wrong." *Slack*, 529 U.S. at 484.

We grant Platt's motion to proceed *in forma pauperis* on appeal with this court. We deny his request for a certificate of appealability and dismiss this matter.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge